IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2232-K-BN |
| | § | |
| 21st MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher Martin filed a complaint in state court against 21st Mortgage Corporation. *See* Dkt. No. 1-1 at 7. 21st Mortgage Corporation answered the complaint, *see id.* at 83, and then removed the case to this Court, *see* Dkt. No. 1.

United States District Judge Ed Kinkeade referred the case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 4.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

**Background**

On July 24, 2026, Martin filed a Notice of Intent to Dismiss Without Prejudice, purporting to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* Dkt. No. 19. The Court entered an Order and Notice of Deficiency on July 24, 2026, informing Martin that

> [a] plaintiff may dismiss an action under Rule 41(a)(1)(A)(i) by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). A plaintiff may alternatively dismiss an action under Rule 41(a)(1)(A)(ii) by filing "a stipulation of dismissal signed by all parties who have appeared. FED. R. CIV. P. 41(a)(1)(A)(ii). An action may also be dismissed under Rule 41(a)(2) "by court order, on terms that the court considers proper," FED. R. CIV. P. 41(a)(2). Here, 21st Mortgage Corporation has already filed and served an answer. *See* Dkt. No. 1-1 at 83. And, so, if Martin seeks to dismiss this case, he must file a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii) or a motion to dismiss under Rule 41(a)(2).

Dkt. No. 17.

Martin failed to file such stipulation or motion to dismiss, and the Court entered a Second Order and Notice of Deficiency on September 14, 2026, giving Martin until September 25, 2026 to file a stipulation or a motion to dismiss, or to alternatively file a status report informing the Court of his intention to continue litigating his claims. *See* Dkt. No. 18. The deadline has passed and Martin has failed to file a stipulation, a motion to dismiss, or a status report.

**Legal Standards**

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d

798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the Court's order to file a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii) or a motion to dismiss under Rule 41(a)(2), or alternatively

a status report, Martin has prevented this action from proceeding and has thus failed to prosecute. A Rule 41(b) dismissal of Martin's claims without prejudice is warranted under these circumstances and to the extent provided below.

Because the undersigned concludes that lesser sanctions would be futile, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss Martin's claims without prejudice under Rule 41(b).

That said, these findings, conclusions, and recommendation provide notice that the Court intends to follow through with its warning and dismiss Martin's lawsuit without prejudice under Rule 41(b). And the time within which to file objections to this recommendation (as further explained below) allows Martin an opportunity to demonstrate that he will follow the Court's orders going forward by filing a status report informing the Court of his intention to continue litigating his claims, if that is his intention.

**Recommendation**

The Court should dismiss Plaintiff Christopher Martin's lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 15, 2026



DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE